IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRICIA WATKINS, individually and in the name of the United States Government;<br><br>               Plaintiff,<br><br>   vs.<br><br>INFOGROUP, INC., a Delaware corporation;<br><br>               Defendant. | **8:11CV378**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the joint motion of plaintiff Tricia Watkins and defendant Infogroup, Inc., for approval of settlement, Filing No. 34. This is a qui tam action by the plaintiff individually and in the name of the United States, for violations of the False Claims Act, 31 U.S.C. § 3729, and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for retaliation under the FLSA.

      In her Amended Complaint, the plaintiff alleges that her former employer, Infogroup, Inc., made false representations in connection with federal contracts; incorrectly classified employees, including herself, as exempt; failed to pay overtime; and retaliated against her for engaging in protected conduct under the FLSA. See Filing No. 18, Amended Complaint. The United States elected to decline intervention in the action, but requested pursuant to 31 U.S.C. § 3730(b)(1) that the court solicit the written consent of the United States before approving any motion by Watkins or Infogroup to dismiss, settle, or otherwise discontinue the action. Filing No. 5, Government's Notice of Election to Decline Intervention at 3. The parties were ordered to "solicit the written consent of the United States and seek court approval before dismissing, settling, or otherwise discontinuing this case." Filing No. 6, Order at 1. The parties notified the

court that the action had been mediated and settled, whereupon the court ordered the plaintiff to "file a motion to dismiss in accordance with 31 U.S.C. § 3730(b)(1) which provides '[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.'" Filing No. 30, Order at 1.

In the proposed settlement agreement, Watkins agrees to withdraw any claim against Infogroup, and any related entity, its officers, directors, agents or employees arising from her employment relationship with Infogroup. Filing No. 33, Confidential Settlement Agreement and General Release at 1. The settlement agreement also states that "the parties understand that United States Government ("Government") approval is required for a dismissal of the False Claims Act claims in the lawsuit[,]" and that "Watkins will request that the Government consent to a dismissal of Watkins and the Government with prejudice," but, "failing that, payment of the settlement Amount (below) is conditioned upon the Government consenting to a dismissal of those False Claims Act claims without prejudice." *Id.*

In their Confidential Settlement Agreement and Release, Watkins and Infogroup represent that the Government has consented to the dismissal of the False Claims Act claim without prejudice. Filing No. 33, Confidential Settlement Agreement and Release at 2. In their Joint Motion to Dismiss, Watkins and Infogroup state that Watkins has informed the United States Attorney for the District Of Nebraska of the details of the settlement. Filing No. 35, Joint Motion to Dismiss at 2. The record shows the United States has been served with the pleadings, but the United States is not a signatory to the agreement or to any of the related motions. Unfortunately, the parties'

representations do not satisfy the statutory requirement that the action may be dismissed only if the United States Attorney General "give[s] written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1).  See *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 339-40 (6th Cir. 2000) (stating that, because private opportunism and public good do not always overlap, a relator may not seek voluntary dismissal of any qui tam action without the Attorney General's consent); *Searcy v. Philips Elec. of N. Am. Corp.*, 117 F.3d 154, 159 (5th Cir. 1997) (stating that the statute plainly allows the government to veto proposed settlements); *see also United States ex rel. Shaver v. Lucas Western Corp.*, 237 F.3d 932, 934 (8th Cir. 2001) (the Attorney General's consent is required where the relator seeks a voluntary dismissal).

Accordingly,

IT IS ORDERED:

1.  The United States shall file a written consent in accordance with 31 U.S.C. § 3730(b)(1) within 14 days of the date of this order.

2.  The court will defer ruling on the parties' joint motion for approval of settlement agreement (Filing No. 34) until the United States gives written consent to the settlement and dismissal and states its reasons for consenting.

Dated this 20th day of May, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

3